**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHURCH MUTUAL INSURANCE COMPANY, S.I.,

        Plaintiff/Counter-Defendant,

        v.                                Civ. No. 24-90 MIS/SCY

CHABAD OF NEW MEXICO,

        Defendant/Counterclaimant.

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO COMPEL**

        Defendant/Counterclaimant Chabad of New Mexico filed this motion to compel discovery against Plaintiff/Counter-Defendant Church Mutual Insurance Company. Doc. 23. The Court denies the motion in part and grants the motion in part.

        A.    <u>Underwriting file</u>

        This case is a dispute about a "Vacancy" exclusion in an insurance policy as it relates to a claim for fire losses suffered in December 2022 and March 2023. As Chabad describes it in the motion to compel, Request for Production No. 2 "asked Church Mutual to produce its Underwriting File on Chabad." Doc. 23 at 2. More precisely, RFP No. 2 stated:

> Please produce Church Mutual's entire electronic and hard copy underwriting file on Chabad of New Mexico and Chabad's insurance Policies, including all documents, electronically stored information and tangible things related in any manner to Church Mutual's underwriting on Chabad; all underwriting reviews of Chabad; all descriptions of Chabad's building and the personal property contained in the building; all inspections of Chabad's building and personal property done by or for Church Mutual's Underwriting Department; all memos, notes, reports, emails and correspondence by or to Church Mutual's Underwriting Dept. concerning Chabad; and underwriting decisions and recommendations on Policies issued to Chabad of New Mexico.

Doc. 23-2 at 3. Church Mutual responded:

> Church Mutual objects to this request because it seeks documents that are not relevant to any claims or defense and that are not reasonably calculated to lead to

the discovery of admissible evidence, insofar as the underwriting of the policy has no bearing on issues in this case. Church Mutual further objects because this request is vague, ambiguous and overbroad insofar as it references the production of documents "in any way related" to the underwriting of a policy. The request, generally, is vague and overbroad, and could seek the production of anything at all and impossible to comply with. Church Mutual objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Church Mutual will produce the policy at issue together with documents related to any inspections of the building and personal property thereon.

Doc. 23-2 at 4.

Chabad's argument for the relevancy of the underwriting file is as follows. First, it notes that the "Vacancy" exclusion in the policy is defined as: "A building is vacant when it does not contain enough of your personal property to conduct customary operations." Doc. 23 at 3. Chabad then argues that its building did have enough personal property to conduct its customary operations, which Church Mutual was aware of: Church Mutual inspected Chabad's building in the summer of 2021, and would have seen for itself if there was no personal property. After this inspection, Church Mutual decided to renew the policy. And it is the underwriting department who decides whether to renew a policy. *Id.* at 3-4. Finally, Chabad asserts that the underwriting department should not have renewed Chabad's policy if it thought Chabad's building was "vacant" or uninsurable. *Id.* at 4.

 In its response, Church Mutual does not directly address or refute this chain of logic. Instead, it asserts that, "There is a plethora of federal district court decisions throughout the United States holding that underwriting files are not relevant to coverage claims and policy disputes, and therefore not discoverable." Doc. 26 at 4 (collecting cases). Yes, Chabad agrees in reply, that is true—but, Chabad asserts, this case involves more than a coverage dispute. Doc. 27 at 3-4. Chabad also brings claims for bad faith, fraud, and misrepresentation. *Id.*; Doc. 8 at 15-22. Chabad argues that, in connection with its bad faith and misrepresentation claims, it is

entitled to discover whether Church Mutual inspected the property and learned that it was vacant, but nonetheless accepted premium payments and renewed the policy, effectively deciding to accept money to insure a vacant, uninsurable building.

Because the underwriting file is likely to have relevant information to Chabad's claim of bad faith, and because Church Mutual does not defend its objection on any other grounds in its brief, the Court will grant the motion to compel production of the underwriting file.

B.    <u>Miscellaneous issues</u>

The motion to compel raises a number of other miscellaneous issues. First, Chabad argues that the Court should compel Church Mutual to amend its responses to RFP Nos. 11 and 12. Chabad acknowledges that through meet and confer, Chabad narrowed the requests and Church Mutual withdrew its assertions of privileges and advised that it has no responsive documents. Doc. 23 at 5. The relief Chabad seeks is therefore a technicality: to amend the discovery responses to state that no responsive documents exist, and to amend the responses to withdraw objections on the basis of privilege. Doc. 23 at 5-6. But Church Mutual's counsel has represented, as an officer of the Court, that there is nothing to compel. Similarly, Chabad takes issue with general objections and Church Mutual's discovery responses "subject to" its objections. Doc. 23 at 7-8. But "Church Mutual has confirmed to opposing counsel that it is not withholding any documents it has found to be responsive on the basis of an objection." Doc. 26 at 2.

The Court accepts Church Mutual's representations and denies the motion to compel in these respects. The Court cannot compel Church Mutual to provide missing information when there is no indication any information is missing. The Court does not encourage the filing of motions to compel if there is no actual controversy regarding information withheld from the other party.

Next, Chabad moves to compel a signature page for its interrogatory answers. Doc. 23 at 5-6. In response, Church Mutual states it agrees to provide one. Doc. 26 at 2. However, Church Mutual does not indicate when it intends to produce the signature page or explain why it was not already timely produced. In reply, Chabad argues Church Mutual still has not provided one. Doc. 27 at 5. To the extent this remains true, the Court orders Church Mutual to produce the required signature page to its interrogatory answers within 7 days of the date of this Order.

Finally, Chabad moves to compel production of documents related to the 2022 policy renewal. Doc. 23 at 6-7. Church Mutual states that it agrees to "produce all documents [relevant] to the renewal of the policy." Doc. 26 at 2. Again, Church Mutual does not indicate when it intends to produce the documents or explain why the documents were not already timely produced. In reply, Chabad again states that this production has not happened. Doc. 27 at 5. Again, to the extent this remains true, the Court orders Church Mutual to produce all responsive documents within 30 days of the date of this Order.

Relatedly, Church Mutual complains that Chabad refused to participate in an informal discovery conference to resolve these relatively simple disputes. Doc. 26 at 1. It is true that the Court is willing to hold a discovery conference at the request of both parties and if the Court concurs the issue is suitable for informal resolution. But this procedure is not mandatory and the availability of this procedure does not strip any party of its right to file a formal motion to compel.

## **CONCLUSION**

Defendant/Counterclaimant Chabad's Motion To Compel Discovery (Doc. 23) is DENIED IN PART and GRANTED IN PART. Church Mutual shall supplement its discovery responses as follows:

- Church Mutual shall produce its entire underwriting file on Chabad by **December 4, 2024**;

- Church Mutual shall provide a signed, notarized signature page for its July 8, 2024, Objections and Responses to the First Set of Interrogatories by **November 14, 2024**; and

- Church Mutual shall produce all documents relevant to the 2022 renewal of the policy by **December 4, 2024**.

The motion is denied in all remaining respects.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE