IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHURCH MUTUAL INSURANCE
COMPANY, S.I.,

        Plaintiff/Counter-Defendant,

v.                                                    Civ. No. 24-90 MIS/SCY

CHABAD OF NEW MEXICO,

        Defendant/Counterclaimant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL

Defendant/Counterclaimant Chabad of New Mexico filed this second motion to compel discovery related to the financial condition of Plaintiff/Counter-Defendant Church Mutual Insurance Company. Doc. 37.[1] Request for Production No. 35 requested Church Mutual's Annual Reports and Financials Statements from 2021 to the present. Doc. 37 at 9. The Court finds that Church Mutual's financial information is discoverable because Chabad brings a claim for punitive damages that is not spurious. The Court, however, limits the discovery to information about Church Mutual's current finances. Accordingly, the Court grants in part and denies in part the motion.

Chabad contends that, in New Mexico, financial information is discoverable because the jury can consider the defendant's wealth when setting an amount of punitive damages. *Id*.[2] In

---

[1] In its initial motion, Chabad moved to compel responses to multiple discovery requests. Doc. 37. In the course of briefing, however, the parties narrowed the issue to a single area of contention: whether Church Mutual must provide financial information. Docs. 38 at 1-2; Doc. 40 at 1.

[2] Chabad also represents that "Church Mutual posts its Annual Reports and Financial Statements on-line. RFP 35 simply seeks those records in a way that they can be more easily offered at trial." Doc. 37 at 9. But Church Mutual does not oppose the motion to compel on the grounds

response, Church Mutual contends that Chabad must demonstrate a prima facia case of entitlement to punitive damages in order to obtain such information in discovery. Doc. 38 at 2. In support, Church Mutual cites a variety of out-of-state cases. *Id.* at 2-3.

Chabad has the better argument under New Mexico law. As the undersigned has explained,

> [A] requesting party "generally must show that the claim for punitive damages is not spurious." *Clement v. Mountain States Logistics*, 2006 U.S. Dist. LEXIS 95650, at *6 (D.N.M. Aug. 28, 2006) (quoting *Roberts v. Shawnee Mission Ford, Inc.*, 2002 U.S. Dist. LEXIS 9525 at *10 (D. Kan. Feb. 7, 2002)); *see also Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) (stating a majority of federal courts permit pretrial discovery of financial information without requiring plaintiff to establish a prima facie case on the issue of punitive damages) (citations omitted)).

*Barela v. Safeco Ins. Co. of Am.*, No. 13-1084 SMV/SCY, 2014 WL 11497826, at *11 (D.N.M. Aug. 22, 2014).

The authority Church Mutual attaches to its own brief establishes that this is the majority rule: "[T]he majority of federal courts that have considered this question permit pretrial discovery of a defendant's financial condition without requiring establishment of a prima facie case." *Aguilar v. Aramark Corp.*, No. 97cv1481, 1998 WL 36030448, at *4 (D.N.M. Aug. 6, 1998) (cited in Doc. 38 at 4; attached as Doc. 38-1 at 8). It is true that some courts have acknowledged that "[c]ertain circumstances, such as harm from disclosing financial information to a competitor, however, would justify delaying discovery of financial records until trial or until the requesting party has proved a *prima facie* case for punitive damages." *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94cv2395, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (cleaned up). The present case, however, does not present the situation where a company is

---

that this information is already in Chabad's possession. The Court limits its analysis to the arguments Church Mutual raises in its response.

seeking a competitor's financial information. Accordingly, the Court does not now weigh in on whether a prima facie showing of entitlement to punitive damages is required in such a situation as a prerequisite to obtaining financial information. Instead, the Court holds that, in the ordinary case (absent special circumstances analogous to those present in *Audiotext Communications Network*), "[t]o discover a party's financial condition in light of a claim for punitive damages, requesting parties generally must simply show the claim for punitive damages is not spurious." 1995 WL 625962, at *3. Church Mutual does not assert any particularized claims of harm in disclosing its financial information. The Court therefore asks whether the claim is non-spurious.

Here, Chabad alleges that Church Mutual denied coverage based on the vacancy provision in its policy. The policy states that, "A building is vacant when it does not contain enough of your personal property to conduct customary operations." Doc. 40 at 3. Church Mutual's claims adjuster was aware through his investigation that "while the building was not actively being used, there remained sufficient contents in the structure for the insured to continue their normal operations." *Id.* at 4. Yet, three years later, Church Mutual still refuses to pay the claim. Church Mutual, no doubt, has arguments to support its contention that it made its coverage decision in good faith. Nonetheless, based on the evidence Chabad presents, its assertion that Church Mutual acted with reckless disregard of the interests of its insured is at least non-spurious. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶¶ 18, 23, 135 N.M. 106 (punitive damages standard is "reckless disregard" and punitive damages are appropriate either where the insurer failed "to honestly and fairly balance its own interests and the interests of the insured" or where it refused or delayed payment "for reasons that are frivolous or unfounded"). Non-spurious is a low bar to satisfy and Chabad has satisfied it.

3

The Court, however, agrees with Church Mutual's second argument. Church Mutual argues that Chabad is not entitled to financial information relating to prior years. Doc. 38 at 4. Indeed, some courts in the Tenth Circuit have reasoned that "[e]vidence of past net worth bears no relevancy to a party's ability to satisfy a punitive damage claim" and "only evidence of a defendant's present net worth is to be considered." *Aguilar*, 1998 WL 36030448, at *5; *Audiotext Commc'ns Network*, 1995 WL 625962, at *4 ("The court finds the current information of plaintiffs' net worth or financial condition relevant to the issue of punitive damages. The most recent annual reports and current financial statements of plaintiffs suffice to determine punitive damages. All other financial information is irrelevant to determining punitive damages." (citations and alterations omitted)).

Chabad does not exactly concede the issue in reply, reiterating its request for "Annual Reports and Financial Statements from 2021 to the present." Doc. 40 at 6. Chabad, however, fails to make any arguments that justify the production of financial statements for the past four years. It relies on this Court's decision in *Barela* ordering production of financial statements from the prior two years. *Id.* In *Barela*, the plaintiff requested financial statements from five years prior to the date of the discovery requests, but the Court limited the production to two years prior. 2014 WL 11497826, at *11. However, in *Barela* the defendant did not object that only current net worth is relevant, so the court had no occasion to consider such an argument. *Barela* does not stand for a proposition which it did not consider.

Chabad also asserts that "Chabad is entitled to discovery now about Church Mutual's recent finances. Given Church Mutual's position that it is its net worth 'at the time of trial' which is relevant, we request that the Court order Church Mutual to produce the requested financial information now *and* supplement that information before trial." Doc. 40 at 6. Although financial

4

information that Church Mutual presents now may not be current by the time of trial, this is a product of the inevitable time lag between discovery and trial. The alternative of ensuring all discovery is current by having parties wait until the eve of trial to trade discovery is impractical and inconsistent with the Federal Rules of Civil Procedure. Such rules contemplate the production of discovery during the discovery period to be followed by supplementation on a timely basis as appropriate. Fed. R. Civ. Proc. 26(e).

      THEREFORE, IT IS ORDERED THAT Defendant/Counterclaimant Chabad's Second Motion To Compel Discovery (Doc. 37) is granted in part and denied in part. Within thirty days of the date of this Order, Church Mutual shall respond to Request for Production No. 35, limited to information about its current finances. The motion is denied or denied as moot in all other respects.

      SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE