IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHURCH MUTUAL INSURANCE
COMPANY, S.I.,

    Plaintiff/Counter-Defendant,

v.

                                      Case 1:24-cv-00090-MIS-SCY

CHABAD OF NEW MEXICO,

    Defendant/Counter-Claimant.

**ORDER QUASHING ORDER TO SHOW CAUSE WHY THE STATUTORY VIOLATIONS ALLEGED IN COUNTERCLAIM III SHOULD NOT BE DISMISSED IN PART FOR FAILURE TO STATE A CLAIM**

THIS MATTER is before the Court following the Court's December 9, 2025 Order to Show Cause why the Statutory Violations Alleged in Counterclaim III Should not be Dismissed in Part for Failure to State a Claim ("Order to Show Cause"). ECF No. 89. Defendant/Counter-Claimant Chabad of New Mexico ("Chabad") filed a Response on December 16, 2025 ("Response"), ECF No. 92, to which Plaintiff/Counter-Defendant Church Mutual Insurance Company ("Church Mutual") filed a Reply on December 29, 2026 ("Reply"), ECF No. 93. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **QUASH** the Order to Show Cause.

As an initial matter, the Court accepts Chabad's interpretation of N.M. Stat. Ann. § 59A-16-20, which states: "Any of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice are defined as unfair and deceptive practices and are prohibited . . . ." In the Order to Show Cause, the Court interpreted this language as requiring that the insurer (1) knowingly commit or perform the conduct <u>and</u> (2) with such frequency as to indicate a general business practice. See Order to Show Cause at 5. However, as Chabad points out in its Response, New Mexico's Uniform

Jury Instruction governing violations of the Insurance Practices Act is worded in the disjunctive, listing "knowingly committed" or "performed with such frequency as to indicate a general business practice" as alternative ways to violate the statute. Resp. at 2-3 (citing N.M. Civ. UJI 13-1706). Specifically, Uniform Jury Instruction 13-1706 states, in full:

> There was in force in this state, at the time of the [claim handling] [transaction] in this case, a law prohibiting certain practices by insurance companies. Plaintiff contends that defendant engaged in the following prohibited practice[s]:
>
> (Insert the applicable portions of Article 16 of the Insurance Code.)
>
> If defendant engaged in [any one of these] [this] practice[s], it is liable to plaintiff for damages proximately caused by its conduct if it acted knowingly or engaged in the practice[s] with such frequency as to indicate that such conduct was its general business practice.
>
> Unfair insurance practices supported by substantial evidence are to be numbered and listed using the statutory language.

N.M. Civ. UJI 13-1706 (alterations in original) (emphasis added). Furthermore, Church Mutual has cited no case, and the Court has found none, holding that an insurer can only be held liable for a violation of N.M. Stat. Ann. § 59A-16-20 if it engages in one of the prohibited practices with such frequency as to indicate a general business practice. See Reply at 3-5. Thus, the Court finds that Church Mutual may be held liable under N.M. Stat. Ann. § 59A-16-20 if it knowingly engaged in one of the prohibited practices in relation to its handling of Chabad's claims.

Next, the Court is satisfied that Counterclaim III plausibly alleges violations of N.M. Stat. Ann. §§ 59A-16-20(B), (D), (E), and (G). Although the Counterclaims do not identify the sections of the New Mexico Insurance Code Church Mutual allegedly violated, Paragraph 80 tracks the language of N.M. Stat. Ann. § 59A-16-20, and the Counterclaims' well-pleaded allegations—and the reasonable inferences to be drawn therefrom—support claims for violations of Sections 59A-16-20(B), (D), (E), and (G). Specifically, the allegation in Paragraph 80(b) tracks the language of

N.M. Stat. Ann. § 59-16-20(B) and is supported by the well-pleaded allegations in paragraphs 34-35, 49, and 51; the allegation in Paragraph 80(d) tracks the language of N.M. Stat. Ann. § 59A-16-20(D) and is supported by the well-pleaded allegations in paragraphs 13, 15, 20-21; the allegation in paragraph 80(e) tracks the language of N.M. Stat. Ann. § 59A-16-20(E), and is supported by the well-pleaded allegations in paragraphs 16-17, 25, 47, 50, 52, 57-58, and 61; and the allegation in paragraph 80(f) tracks the language of N.M. Stat. Ann. § 59-16-20(G), and is supported by the well-pleaded allegations in paragraph 61. Because the Court can perceive which provisions of the New Mexico Insurance Code Church Mutual allegedly violated, the Court finds Counterclaim III states a claim under the Insurance Code. See Yumukoglu v. Provident Life & Accident Ins. Co., 131 F. Supp. 2d 1215, 1228 (D.N.M. 2001) (dismissing claim that alleged the insurer's conduct "violate[d] one or more of the provisions of Section 59A–16–20" because "the Court [could not] perceive which subsection could have been violated under the fact alleged").

      Finally, in the Order to Show Cause the Court observed that Counterclaim III failed to identify which section of the Unfair Practices Act Church Mutual allegedly violated, and stated that "[t]he only viable claim under the Unfair Practices Act that the Court can discern is an alleged violation of N.M. Stat. Ann. § 57-12-2(D)(17), which makes it an "unfair or deceptive trade practice" to "fail[] to deliver the quality or quantity of goods or services contracted for[.]" ECF No. 89 at 6 (citing Countercl. ¶ 86). The Court found that the well-pleaded allegations supported this claim. Id. (citing Countercl. ¶¶ 6-34). In its Response, Chabad appears to confirm that the only claim it is asserting under the Unfair Practices Act is a violation of N.M. Stat. Ann. § 57-12-2(D)(17). Because the Court can perceive which provision of the Unfair Practices Act Church Mutual allegedly violated, the Court finds Counterclaim III states a claim under the Unfair Practices Act.

Because Counterclaim III plausibly alleges violations of New Mexico's Insurance Code and Unfair Practices Act, it is **HEREBY ORDERED** that the Order to Show Cause why the Statutory Violations Alleged in Counterclaim III Should not be Dismissed in Part for Failure to State a Claim, ECF No. 89, is **QUASHED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE